UNITED STATES DISTRICT COURT
DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| United States of America, )<br>  )<br>          Plaintiff, )<br>  )<br> vs. )<br>  )<br> Abbot William Aho )<br>  )<br>          Defendant, ) | DEFENDANT'S POSITION<br>PLEADING AS TO SENTENCING<br>FACTORS<br><br>Court File No. 20-CR-123-1 (PDW) |

TO: The Clerk of this Court; The Honorable Peter D. Welte, Chief Judge - U.S. District Court; Christopher Cory Myers., Assistant United States Attorney; Federal Probation and all parties of record:

### **DEFENDANT'S POSITION AS TO SENTENCING FACTORS**

### **Procedural Posture and Introduction**

On December 29, 2021, Defendant Abbot Aho appeared in court, accepted responsibility, and entered pleas of guilty to Counts 2, 3, 4, 5, and 9 of a nine-count indictment against him. The indictment involved charges of Hobbs Act Robbery, Use of a Firearm, and Continuing Criminal Enterprise. Specifically, Counts 2 and 4 involved charges of Hobbs Act Robbery; Counts 3 and 5 charged Use of a Firearm During a Crime of Violence; and Count 9 charging Continuing Criminal Enterprise. At the time of his pleas of guilty, Mr. Aho unequivocally and fully accepted responsibility for his actions in relation to this case. He also accepted responsibility in the presentence interview with probation.

On April 12, 2022, Abbot Aho will stand before the Honorable Chief Judge Peter D. Welte for the purposes of sentencing. Mr. Aho is aware that he will be receiving an extremely significant federal prison sentence for his conduct. With reference to that sentence, Abbot Aho, through undersigned counsel Kassius O. Benson, submits this position pleading with respect to sentencing factors.

1

The Defense does not dispute the *advisory* guideline calculations as determined by probation. *See Presence Report paragraph 95 at page 21*. However, in this case, the Defense requests that the Court impose a sentence of 300 months. A sentence of 300 months is consistent with Mr. Aho's plea of guilty and is sufficient, but not greater than necessary, to serve the purposes of federal sentencing. *18 U.S.C. § 3553(a)*.

## **The Law**

The Court must consider the sentencing guidelines, but under *United States v. Booker*, 125 S. Ct. at 756, the Guidelines are "merely one sentencing factor among many, and the calculated guideline range must be considered in conjunction with the sentencing factors identified in 18 U.S.C. § 3553(a). The United States Supreme Court has instructed the courts to impose sentences that are not greater than necessary to satisfy the statutory purposes set forth in 18 U.S.C. § 3553(a)(2). In imposing such sentences, the court may consider all the characteristics of the offender and circumstances of the offense. The sentencing guidelines are simply advisory. "It has been uniform and constant in the federal judicial tradition for the sentencing judge to consider every convicted person as an individual and every case as a unique study in the human failings that sometimes mitigate, sometimes magnify, the crime and the punishment to ensue." *Gall v. United States*, 552 U.S. 38, 52 (2007).

In fashioning a sentence that complies with the "overarching provision instructing district courts to 'impose a sentence sufficient, but not greater than necessary,' to achieve the goals of sentencing," *Kimbrough*, 128 S.Ct. at 570, the judge must consider a broad range of factors, including the nature and circumstances of the offense and the history and characteristics of the defendant. *See* 18 U.S.C. § 3553(a)(1)-(7).

Specifically, in pertinent part here, the sentencing considerations set forth in 18 U.S.C. Section 3553(a) include:

1. the nature and circumstances of the offense and the history and characteristics of the defendant;
2. the need for the sentence imposed –
    A. to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
    B. to afford adequate deterrence to criminal conduct;
    C. to protect the public from further crimes of the defendant; and
    D. to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner, and

    …

6. the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct.

18 U.S.C. § 3553(a)(1)-(2), (6).

In this case, upon consideration of these factors, and all factors at the time of an eventual sentencing date, a sentence of 300 months is sufficient to serve the purposes of sentencing.

## **Applying the Factors of 18 U.S.C. Section 3553(a) to Abbot Aho**

In Abbot Aho's case, the above factors indicate that a sentence no greater than 300 months – 25 years - is sufficient to achieve the purposes of federal sentencing.

1.   *The Nature and Circumstances of the Offense*:

With respect to the nature and circumstances of the offense, Abbot Aho has accepted responsibility and pleaded guilty to his criminal conduct in this Hobbs Act Robbery and Firearm case. The allegations are very serious. Mr. Aho pleaded guilty and did not equivocate as to his actions. Mr. Aho takes full responsibility for his actions. As part of the circumstances of the offense in this case, it must be noted that Mr. Aho suffered serious permanent physical and mental injuries because of being run over by a vehicle, beaten, and left for dead during the

offenses in his case. Mr. Aho's injuries are not raised as an excuse, but a consideration of the scope and context of the activity in this case.

Again, Mr. Aho understands that his offense is a very serious one. But, the offense itself should not outweigh his personal characteristics, rehabilitation needs, physical and mental limitations, and treatment opportunities. Mr. Aho is remorseful regarding his involvement in this case. He has sat for three years waiting resolution of this case. Mr. Aho is not the same person that committed the acts for which he was charged. Mr. Aho understands the harm that he has done to his victims, the community, his family, and himself. He accepts responsibility for his wrongdoing and commits to moving forward on a lawful path.

According to the Presentence investigation, Mr. Aho suffers from a significant substance abuse history, cognitive limitations, limited education, and physical and mental limitations.

2.   *The History and Characteristics of Defendant, Mr. Abbot Aho*:

Abbot Aho's history and characteristics reveal an individual who has the potential to be better than the criminal path he has chosen in this case. In his life, Mr. Aho has struggled with significant drug use from a young age, massive physical trauma due to injuries suffered during the course of his criminal activity when he was run over by a vehicle and physically beaten. Despite his criminal actions, the hardships and his limitations, Mr. Aho can be a productive member of society after serving a prison sentence of 25 years.

Mr. Aho is a 28-year-old man. He was born in San Antonio, Texas and adopted at one month old by Mark and Terri Aho. He was raised in Minnesota with his five siblings. Mr. Aho has one child. *Presentence Investigation Report, paragraph 58 and 59 at page 15*. Mr. Aho has family support primarily from his parents and siblings. Mr. Aho also has a serious drug problem.

Mr. Aho would like to take advantage of opportunities to address his addiction issues. As detailed in the presentence report, *PSR, Paragraph 68 at page 17*, Mr. Aho began using marijuana at age 14 and harder drugs after that initial exposure. Mr. Aho understands that this drug addiction has impacted his decision-making, choices, and to a great degree his criminal involvement.

Finally, Mr. Aho does have a significant criminal history as detailed in the presentence report. To a great extent, this history was fueled by his chemical dependency and low cognition. Mr. Aho understands that these factors are not an excuse. However, Mr. Aho's drug dependence, low cognitive skills, and low self-esteem are relevant factors that informed his existence and fueled his criminal activity.

Mr. Aho understands that he will incur consequences for his actions. He deeply regrets that he will be physically absent from his family – particularly his parents. This fact troubles him deeply. Mr. Aho simply hopes to return to their lives as soon as possible understanding that he is facing substantial time in federal prison – the requested 300 months (25 years). While he has admittedly committed serious criminal acts due to his own bad choices, Mr. Aho does not wish to be defined by those choices. Abbot Aho's true character and potential can be seen by the choices he has made post-arrest including his acceptance of responsibility. His character and potential can be seen by the letters of support provided to the Court. A sentence of 300 months is sufficient to balance the nature of Mr. Aho's offense and his personal, historical characteristics.

3. *The Need for the Sentence Imposed –*

    (a) To reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the Offense

A federal prison sentence of 300 months or 25 years is more than enough to reflect the seriousness of this instant offense, promote respect for the law, and provide just punishment. Two and a half decades in federal prison definitely reflects the seriousness of the offense.

(b) To afford adequate deterrence to criminal conduct

Likewise, the requested sentence is sufficient to deter both Abbot Aho and other would-be-lawbreakers from similar criminal conduct.

(c) To protect the public from further crimes by Abbot Aho

The requested sentence is more than sufficient to protect the public from future crimes of Abbot Aho. Such a sentence is vastly greater than any amount of time that he has done previously. After serving his sentence, Mr. Aho will be approaching 55 years of age. He has no desire to be in this situation again. While serving his sentence, Mr. Aho will have ample time to reflect upon the bad choices that he has made in the past. Moreover, Mr. Aho will address his addiction and employment issues in prison; thus, extracting the root of his crimes. He will no longer be a danger to the public.

(d) To provide Abbot Aho with the needed educational or vocational training and chemical dependency treatment.

As seen in the Presentence Report, Mr. Aho needs further educational and vocational training as well as chemical dependency treatment or counseling. He has many areas of vocational interest that he can pursue while incarcerated for 25 years. Mr. Aho can easily receive this programming within that time. Chemical dependency programming is likewise available to him during his prison sentence.

4.  *The Need to Avoid Unwarranted Sentence Disparities*

In this case, a sentence of 300 months for Mr. Aho would avoid unwarranted sentence disparities in general, and in this case in particular.

## **CONCLUSION**

For the reasons stated in this pleading, reasons to be provided at the sentencing hearing, and in his letters of support, Abbot Aho respectfully requests a prison sentence of 300 months. Such a sentence in federal prison is sufficient, but not greater than necessary, to serve the purposes of federal sentencing.

Respectfully submitted,

*Kassius O. Benson*

By _____
Kassius O. Benson
Attorney License No. 0266632
Attorney for Defendant
3201 Hennepin Avenue
Minneapolis, MN  55408
kobenson@kassiusbensonlaw.com
DATED: April 6, 2022          Telephone: (612) 333-2755